IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| RODNEY SOULSBY, II, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 5:17-cv-0056 |
| ASHLYN D. SOULSBY, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Rodney Soulsby, II, proceeding *pro se*, seeks leave to proceed *in forma pauperis* (Dkt. No. 1).[1] The court concludes that Soulsby is financially eligible to proceed *in forma pauperis*, but will nonetheless dismiss his complaint in its entirety for lack of subject-matter jurisdiction.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Brickwood Contractors., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Hence, "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Id.*

---

[1] Plaintiff Soulsby filed another lawsuit in this court approximately one day before this one, in which he asserts claims against this same defendant (Ashlyn D. Soulsby) and a state court judge. *Soulsby v. Ludwig*, No. 5:17-cv-00054 (W.D. Va.). There, he alleges that the judge improperly granted him adoption of his (now ex-wife's) son, in a proceeding in which Soulsby did not participate and in which he claims his signature seeking adoption was forged. Soulsby's motion to proceed *in forma pauperis* was granted in that case and summonses have been issued for the two defendants.

Generally speaking, a federal court has subject-matter jurisdiction over a civil action only if it raises a question of federal law, 28 U.S.C. § 1331, or it is between citizens of different states and the amount in controversy exceeds $75,000, *id.* § 1332. The plaintiff bears the burden of proving that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 646 (4th Cir. 1999). If he cannot do so, then the court must dismiss his complaint. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Soulsby's complaint invokes this court's diversity jurisdiction and states that he is a citizen of Florida and the defendant is a citizen of Virginia. (Compl. 1–3, Dkt. No. 2.) This court's diversity jurisdiction generally allows the exercise of jurisdiction if the parties are citizens of different states and the amount in controversy is more than $75,000. *Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Typically, "the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). Based on the amounts sought in the complaint, it does not appear that the amount in controversy exceeds $75,000.

The only evidence as to an amount in controversy is that Soulsby is currently court-ordered to pay approximately $1800 per month in child support and has been required to do so since January 2016, or a period of approximately 18 months. Even if he is claiming all of those funds are not owed by him, the total amount at issue as of the filing of his complaint is $32,400. So, jurisdiction appears to be lacking.

Even if the required ongoing monthly payments could somehow satisfy the amount-in-controversy requirement, though, Soulsby's complaint asks this court to

modify his child support obligation and a child custody arrangement set forth in a state court decree. (Compl. 4 (requesting, in his prayer for relief, that the court "modify child support based on the current income of both parties" and modification of "child visitation"). It is well established that a federal court's "diversity jurisdiction does not include the power to grant divorces, determine alimony or support obligations, or determine child custody rights." *Wasserman v. Wasserman*, 671 F.2d 832 (4th Cir. 1982). This is what is known as "the domestic relations exception." *Id.* The relief sought by Soulsby falls squarely within this prohibition on federal court jurisdiction; therefore, the court does not have jurisdiction to consider his claims.

*Wasserman* and other cases have recognized that the mere fact that a cause of action is asserted against an ex-spouse or involves familial disputes does not cause a case to fall within the domestic relations exception. 671 F.2d at 834–35; *Raftery v. Scott*, 756 F.2d 335, 338 (4th Cir. 1985) (holding that district court properly exercised diversity jurisdiction of ex-husband's claim of intentional infliction of emotional distress against former wife, who he alleges sought to destroy his relationship with his son).[2] But where, as here, a party is "seek[ing] a declaration of present or future rights as to custody or visitation," a federal court should decline to exercise jurisdiction. *Wasserman*, 671 F.2d at 835. Accordingly, the court concludes that, even if Soulsby's ongoing payments could satisfy the amount-in-controversy requirement for diversity jurisdiction, the court must nonetheless decline jurisdiction over Soulsby's complaint.

---

[2] The Supreme Court of Virginia later noted that it disagreed with the analysis and result on the substantive claim in *Raftery*, and it held that Virginia does not allow a claim of alienation of affection in the guise of a claim of intentional infliction of emotional distress. *McDermott v. Reynolds*, 530 S.E.2d 902, 904 (Va. 2000). The *McDermott* court would have had no reason to address the jurisdictional analysis in *Raftery* and did not do so.

3

## **CONCLUSION**

For the foregoing reasons, the court will dismiss Soulsby's complaint for lack of subject-matter jurisdiction. An appropriate order will follow.

Entered: June 12, 2017.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge